```
                                          ┌─────────────────────────────┐
                                          │ USDC SDNY                   │
                                          │ DOCUMENT  ORIGINAL          │
                                          │ ELECTRONICALLY FILED        │
UNITED STATES DISTRICT COURT              │ DOC #:                      │
SOUTHERN DISTRICT OF NEW YORK             │ DATE FILED:  MAY 0 8 2019   │
- - - - - - - - - - - - - - - -  X        └─────────────────────────────┘
                                  :
UNITED STATES OF AMERICA          :       INDICTMENT
                                  :
           - v. -                 :       19 CRIM 342
                                  :
JOSEPH BAGAGLIA,                  :
                                  :
           Defendant.             :
                                  :
- - - - - - - - - - - - - - - -  X
```

## COUNT ONE

**(Attempted Enticement of a Minor to Engage in Illegal Sexual Activity)**

The Grand Jury charges:

1. From at least on or about December 18, 2018 up to and including at least on or about January 10, 2019, in the Southern District of New York and elsewhere, JOSEPH BAGAGLIA, the defendant, willfully and knowingly, did use a facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do the same, to wit, BAGAGLIA used computers and/or telephones to communicate with an undercover FBI agent about arranging to have sexual intercourse with a purported nine-year old girl (the "minor") in New York, New York, and attempted to meet with the minor to engage in sexual intercourse, in violation of New York Penal Law

JUDGE SCHOFIELD

Sections 130.25(2), 130.30(1), 130.35(3), 130.55, 130.60(2), and 130.65(3) and (4).

(Title 18, United States Code, Sections 2422(b) and 2.)

## COUNT TWO

### (Receipt and Distribution of Child Pornography)

The Grand Jury further charges:

2. On or about December 21, 2018, in the Southern District of New York and elsewhere, JOSEPH BAGAGLIA, the defendant, knowingly did receive and distribute and attempt to receive and distribute material that contains child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, BAGAGLIA sent to an undercover FBI agent located in New York, New York, two videos containing child pornography via a messenger application on a telephone from his residence in Rhode Island.

(Title 18, United States Code, Sections 2252A(a)(2)(B), (b)(1) and 2.)

## COUNT THREE

### (Possession of Child Pornography)

The Grand Jury further charges:

3. On or about January 10, 2019, in the Southern District of New York and elsewhere, JOSEPH BAGAGLIA, the defendant,

2

knowingly did possess and access with intent to view, and attempt to possess and access with intent to view, a book, magazine, periodical, film, videotape, computer disk, and other material that contained an image of child pornography that had been mailed, shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, BAGAGLIA brought to New York, New York, from Rhode Island an SD card and cellphone that contained images and videos of child pornography.

(Title 18, United States Code, Sections 2252A(a)(5)(B), (b)(2) and 2.)

## COUNT FOUR

### (Transportation of Child Pornography)

The Grand Jury further charges:

4. On or about January 10, 2019 in the Southern District of New York and elsewhere, JOSEPH BAGAGLIA, the defendant, knowingly did mail and transport and ship using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, child pornography, to wit, BAGAGLIA brought to New

3

York, New York, from Rhode Island an SD card and a cellphone that contained images and videos of child pornography.

(Title 18, United States Code, Sections 2252A(a)(1), (b)(1) and

2.)

## FORFEITURE ALLEGATION

5. As a result of committing the offense alleged in Count One of this Indictment, JOSEPH BAGAGLIA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offense; and any and all property, real or personal, that was used or intended to be used to commit or facilitation the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

6. As a result of committing the offenses alleged in Counts Two through Four of this Indictment, JOSEPH BAGAGLIA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, any and all property, real and personal, and any and all property, real or personal, constituting or traceable to gross profits or other proceeds obtained from said offenses and used or intended to be used to commit or promote the commission of said offenses or traceable

4

to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses and the following specific property:

 a. A Sandisk 32 GB SD Card that BAGAGLIA brought to New York, New York, from Rhode Island;

 b. A Red Apple iPhone that BAGAGLIA used to contain, receive, and/or distribute child pornography.

### Substitute Asset Provision

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

 a. cannot be located upon the exercise of due diligence;

 b. has been transferred or sold to, or deposited with, a third party;

 c. has been placed beyond the jurisdiction of the court;

 d. has been substantially diminished in value; or

 e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the

5

forfeitable property described above.

(Title 18, United States Code, Sections 2253 and 2428;
Title 21, United States Code, Section 853; and Title 28, United
States Code, Section 2461.)

FOREPERSON

/s/ Geoffrey S. Berman

GEOFFREY BERMAN
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

v.

**JOSEPH BAGAGLIA,**

Defendant.

---

**INDICTMENT**

19 Cr.

(18 U.S.C. §§ 2422, 2252A, and 2.)

GEOFFREY BERMAN
United States Attorney

Foreperson

---

5/8/19

Filed Indictment
Filed True Bill
Case assigned
to Judge Schofield.

W/ann 1/SMT